ANICKER v. GUNSBURG et al.

(Circuit Court of Appeals, Eighth Circuit. August 4, 1915.)

No. 4228.

INDIANS ⚬⚬16—LANDS—LEASE—APPROVAL

Act April 26, 1906, c. 1876, § 20, 34 Stat. 145, provides that all leases of full-blood Creek allottees shall be subject to approval by the Secretary of the Interior, and void without such approval, and that leases for more · than one year shall be recorded under the recording law in force in the Indian· Territory. Act May 27, 1908, c. 199, § 2, 35 Stat. 312, provides that leases of restricted lands for oil and gas purposes may be made with the approval of the Secretary under rules approved by him. Act March 1, 1907, c. 2285, 34 Stat. 1026, provides that the filing of any lease in the office of the Indian agent at Muskogee, Ind. Ter., shall be deemed constructive notice. A rule of the ·department declared that all leases should be filed by the lessor within 30 days from execution with the Indian agent at Muskogee. A full-blood Creek on March 20, 1912, executed an oil and gas lease, which was filed April 5th, within 30 days, and on March 28th executed another lease, filed March 30th. .Held, that the filing was limited to giving notice to parties dealing with the property, and had no bearing on the Secretary's discretion, and that

⚬⚬For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the Secretary's approval of the first executed lease established its priority.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 45; Dec. Dig. ☞16.]

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Suit in equity by William J. Anicker against David Gunsburg and the Southwestern Petroleum Company. From a judgment dismissing the bill, plaintiff appeals. Affirmed.

J. B. Furry and R. W. Stoutz, both of Muskogee, Okl. (J. W. Zevely, J. M. Givens, and E. C. Motter, all of Muskogee, Okl., on the brief), for appellant.

George S. Ramsey, of Muskogee, Okl. (Edgar A. De Meules, of Muskogee, Okl., and John M. Chick and R. J. Boone, both of Tulsa, Okl., on the brief), for appellees.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. This suit involves conflicting claims under two successive oil and gas leases on 80 acres of land, made by one Richards, a full-blood Creek. The Indian executed a lease of the property in favor of Gunsburg, on March 20, 1912, which was filed April 5, 1912. He executed a lease on the same property to Anicker, on March 28th, which was filed March 30th. It will thus be seen that the Gunsburg lease is prior in date and was filed within 30 days from the date of its execution; whereas the Anicker lease is subsequent in date, but was filed prior to the filing of the Gunsburg lease. The rule of the Department on the subject is as follows:

"All leases shall be in quadruplicate, and, with the papers required, shall be filed within thirty days from and after the date of execution by the lessor with the United States Indian agent at Union agency, Muskogee, Oklahoma."

Under this rule it has been the practice of the Department to hold that, during the 30-day period mentioned in the rule, priority of the date of execution of a lease, rather than priority of date of filing, determines priority of right. This, it will be seen, fails to give a controlling effect to the registry laws as to the inchoate rights created by an oil and gas lease, signed by the Indian, but not approved by the Secretary of the Interior. A hearing was had before the United States Indian superintendent at Muskogee, in respect to these two leases, and two other conflicting leases, covering the same property. The parties appeared and were fully heard, and the superintendent recommended that the Gunsburg lease be approved. The matter was again heard before the Secretary of the Interior, and upon application of Anicker a rehearing was granted. The holding of all these officers was that the Gunsburg lease ought to be approved by the Secretary of the Interior, and it was so approved. Anicker, claiming that the approval of the Secretary was the result of a clear mistake of law, brought this suit in equity against Gunsburg, and asks that he be de-

creed to hold all the right which he acquired under the lease in trust for Anicker, and be required to execute an assignment of the lease to him. The trial court dismissed the bill, and Anicker appeals.

Section 20 of the Act of April 26, 1906 (34 Stat. at Large, 145, c. 1876), provides that:

"All leases and rental contracts, except leases and rental contracts for not exceeding one year for agricultural purposes for lands other than homesteads, of full-blood allottees of the Choctaw, Chickasaw, Cherokee, Creek, and Seminole Tribes shall be in writing and subject to approval by the Secretary of the Interior, and shall be absolutely void and of no effect without such approval: Provided, * * * that all leases entered into for a period of more than one year shall be recorded in conformity to the law applicable to recording instruments now in force in said Indian Territory."

Section 2 of the act of May 27, 1908 (35 Stat. at Large, 312, c. 199), provides:

"That leases of restricted lands for oil, gas or other mining purposes, * * * may be made, with the approval of the Secretary of the Interior, under rules and regulations approved by the Secretary of the Interior, and not otherwise."

The act of March 1, 1907 (34 Stat. at Large, 1026, c. 2285), provides as follows:

"The filing heretofore or hereafter of any lease in the office of the United States Indian agent, Union agency, Muskogee, Indian Territory, shall be deemed constructive notice."

These are the statutory provisions which have a bearing on the case. Anicker insists that the provisions requiring such instruments to be filed, make it the legal duty of the Secretary of the Interior to approve his lease, in preference to the Gunsburg lease. We think this contention is unsound for two reasons: First, whatever may be the effect of the registry provisions in regard to these inchoate leases prior to their approval by the Secretary of the Interior, that effect is confined to imparting notice to parties dealing with the property, and has no bearing whatever upon the discretion which the law grants to the Secretary of the Interior in his guardianship over the Indians. Second, because the rule invoked by plaintiff that a patent for public lands, issued through a clear mistake of law or fact, will be held to create a trust in favor of the party justly entitled to the land, has no proper application to the approval of gas and oil leases by the Secretary of the Interior. That is so because there are no acts specified in any law by the doing of which any person can acquire a legal right to the approval of such a lease. The whole subject, on the other hand, is left in the field of bargain and contract, and the Secretary of the Interior, in exercising this discretion, as the guardian of the Indians, has all the freedom which a private person would possess in respect of such a contract. The statute requires him to make rules and regulations for the guidance of parties seeking such leases, and to the extent that such rules and regulations are made the discretion of the Secretary of the Interior is restricted, but not otherwise. The difference between the approval of these oil and gas leases, and the issuance of patents for public lands, is clear. Take, for example, the homestead law. Under it persons possessing certain qualifications may do certain

specific acts, such as filing, residence, and making improvement, and by doing these acts the homestead law provides that the entryman shall acquire a right to a patent for the land. It is the function of the officials of the Land Department in administering these laws to ascertain whether entrymen have complied with their provisions. If, notwithstanding such compliance, a patent is issued to another person, by a clear mistake of law, or a gross mistake of fact, the holder of such a patent may be decreed to be a trustee for the party to whom the patent should have been issued. In the case of gas and oil leases, on the other hand, the law does not specify any acts by the doing of which a party can acquire a legal right to the approval of the Secretary of the Interior. While that officer cannot initiate a lease, his approval is really the dominant factor in the making of such instruments. The evidence in this case leaves no room for doubt about the wisdom of the statute which gives him this power. The Indian is wholly incapable of disposing of the valuable rights which are frequently involved in such leases. The real investigation must be made by officers of the government. Otherwise the rights of the Indian would be frequently sacrificed.

The rule of the Department giving 30 days for the filing of leases at the Indian agency has been in force for many years. It is well understood. As the Secretary of the Interior states in his opinion:

"It is suited to the conditions in which the oil and gas leasing business is carried on. In very many cases a considerable time is required after the signature of a lessor is obtained for the execution by the lessee, and making of the bond and other papers. The Secretary, in the exercise of the power vested in him by law, has given 30 days for this purpose. The only inconvenience which may follow the enforcement of the rule is where some enterprising person in keen competition to secure a promising piece of land, induces an allottee to execute a lease to him, after he has already leased it to another; and, having filed his lease at the agency, is subsequently informed that the lease executed prior to his has been duly filed and takes precedence."

The final word of the Secretary of the Interior is as follows:

"Until approved by the Secretary, the lease was not a completed instrument, and the fact of its having been recorded in a county office cannot estop the Secretary from finding that another lease regularly executed and filed is more for the allottee's interest, and better entitled to approval."

These views of the Secretary of the Interior embody administrative experience and seem to us to be sound.

Plaintiff relies much upon our opinion in Shulthis v. McDougal, 170 Fed. 529, 95 C. C. A. 615. The lease there was executed by an Indian by the name of Berryhill. About a month after he executed the lease a statute was passed which gave him unrestricted power to convey his property. Acting under this power he executed a deed for the property upon the consideration of $2,000. About a year later the holder of the lease secured its approval by the Secretary of the Interior, and then sought by an application of the doctrine of relation to have his lease given priority over the deed. We held that the registration law precluded him from thus defeating the deed. This is clearly an application of the registry law to conflicting claims on the part of private individuals, and has nothing to do with the discretion

vested in the Secretary of the Interior in regard to approving oil and gas leases. By a familiar rule, what is said in the opinion in regard to the registry law must be confined to the question that was actually before the court.

In our judgment the present case falls clearly within the rule which was enforced in the case of United States v. Hitchcock, 205 U. S. 80, 27 Sup. Ct. 423, 51 L. Ed. 718. The discretion of the Secretary of the Interior there was no more controlling than it is here. The mere fact that the superintendent of the agency and the Secretary of the Interior gave their reasons for deciding in favor of the Gunsburg lease did not impair the broad discretion which the law grants to the Secretary of the Interior.

The decision is affirmed.